UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| LUCIUS KELLEY, | ) No. ED CV 06-00451-VBK |
| Plaintiff, | ) MEMORANDUM OPINION AND ORDER |
| v. | ) (Social Security Case) |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) |
| Defendant. | ) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed their pleadings and supporting memoranda, and the Commissioner has filed the certified Administrative Record ("AR"). After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

Plaintiff raises two related arguments. First, he asserts that

the Administrative Law Judge ("ALJ") did not properly consider the opinion of a consultative examiner ("CE"). The second issue asserts that the ALJ's failure to include functional limitations assessed by this CE in hypothetical questions posed to the vocational expert ("VE") create reversible error.

Plaintiff received a consultative internal medicine evaluation on March 24, 2004 from Dr. Lin. (AR 173-177.) Dr. Lin performed a complete physical examination, and among his conclusions regarding Plaintiff's functional abilities, he opined that Plaintiff can lift or carry 20 pounds occasionally and 10 pounds frequently; can stand and walk for up to two hours in an eight-hour work day; and can sit for six hours in an eight-hour work day. (AR 177.) The ALJ assessed Plaintiff's residual functional capacity ("RFC") as including an ability to perform a limited range of light work, lifting and carrying 20 pounds on an occasional basis, and 10 pounds on a frequent basis; standing/walking four hours in an eight-hour day, with use of a cane for balance when standing; and sitting for six hours in an eight-hour day. Thus, with the exception of the stand/walk limitations, the ALJ agreed with Dr. Lin's functional assessments. (AR 17.) It is the difference in the stand/walk assessment which Plaintiff asserts is the source of the error. In particular, Plaintiff complains that the ALJ simply ignored this aspect of Dr. Lin's conclusions. Plaintiff asserts that the ALJ therefore failed to provide specific and legitimate reasons for rejecting this portion of Dr. Lin's opinion. (Joint Stipulation ["JS"] at 3-4.)

The Commissioner denies that the ALJ simply ignored this portion of Dr. Lin's conclusions. Rather, the argument made is that the ALJ specifically cited Dr. Lin's findings with regard to Plaintiff's

2

functional performance during his examination which, the Commissioner asserts, did not support the limitations assessed by Dr. Lin. (See JS at 6.)  Thus, the Commissioner argues that the ALJ took note of Dr. Lin's findings that Plaintiff was able to walk identically with or without a cane; that he was able to stand on his heels and toes and perform a tandem gait; and that he exhibited good active motion bilaterally with full 5/5 strength in all extremities. (JS at 6, citing AR at 18, 174, 176.)  Further, the ALJ cited other findings by Dr. Lin during his examination of Plaintiff's back, which included some limitations in back motion, but a lack of tenderness to palpation in the midline or paraspinal areas; a normal straight leg testing result; and grossly normal bilateral range of motion in all extremities, with the exception of some decreased sensation in his lower legs, neurological findings being completely normal. (AR 19, 175, 176.)

It is apparent to the Court that the ALJ did not ignore Dr. Lin's conclusions, but rather, did not adopt this portion of Dr. Lin's functional assessment because it conflicted with the examination findings.

It is the duty of the ALJ to resolve conflicts in medical evidence and testimony. See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).  In performing these analytical functions, the ALJ may not selectively analyze evidence. See Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003).  That certainly does not appear to have occurred in this case, in which the ALJ fully assessed the relevant findings made by Dr. Lin.  It was within the ALJ's prerogative to reject all or parts of these findings if they were inconsistent with the physical examination results.  See Flaten v.

3

Secretary of Health and Human Services, 44 F.3d 1453, 1463 (9th Cir. 1995). Finally, although the ALJ must comprehensively analyze evidence in the record, a decision is not rendered incomplete, inaccurate, or incorrect simply because an ALJ does not explicitly articulate his acceptance or rejection of each and every conclusion of an examining physician. See Magallanes v. Bowen, 881 F.2d 747, 751-755 (9th Cir. 1989). In this case, the Court is satisfied that the RFC adopted by the ALJ, although it did not include Dr. Lin's conclusions with regard to Plaintiff's stand/walk limitations, is based on substantial evidence, and that the rejection of Dr. Lin's conclusions with regard to the stand/walk limitations is supported by specific and legitimate reasons.

Having addressed the first issue, the conclusion regarding the second issue raised by Plaintiff is obvious. Plaintiff's assertion is that the ALJ's failure to include Dr. Lin's stand/walk limitations in hypothetical questions to the VE renders the VE's testimony inaccurate, and that, therefore, the ALJ's decision which adopted some of this testimony is not based on substantial evidence. While the law requires an ALJ to include all found limitations in hypothetical questions to a VE, it does not mandate that restrictions or limitations which are not supported by substantial evidence must be also included. See Osenbrock v. Apfel, 240 F.3d 1157, 1164-1165 (9th Cir. 2001). Thus, there is no error with regard to Plaintiff's assertion that the ALJ posed an incomplete question to the VE.

//
//
//
//

For the above reasons, the Decision will be affirmed, and the matter will be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: February 16, 2007

                                               /s/
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE